IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CAPRI HOME CARE, INCORPORATED D/B/A CAPRI HOME CARE,<br><br>Defendant. | CIVIL ACTION NO. |

**PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title I"), and the Pregnancy Discrimination Act ("PDA") of 1978, 42 U.S.C. § 2000e(k), to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Bey Xiong ("Charging Party" or "Bey Xiong"), who was adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff"), alleges that Defendant, Capri Home Care, Incorporated d/b/a Capri Home Care ("Defendant" or "Capri"), discriminated against Bey Xiong by failing to hire her because of her pregnancy, a condition of her sex (female).

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

1

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

4. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the pregnancy Discrimination Act of 1978, and is expressly authorized to bring this action under Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. At all relevant times, Defendant has continuously been a corporation doing business in Florida and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1(b), (g) and (h).

## ADMNINISTRATIVE PROCEEDINGS

7. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging Defendant violated Title VII and the Pregnancy Discrimination Act of 1978.

8. Prior to the institution of this lawsuit, the Commission investigated the charge and issued a Letter of Determination finding that Defendant had discriminated against Charging Party because of her pregnancy, a condition of her sex (female). Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices alleged herein and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b) and 2000e-6.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. Defendant is a for-profit home health agency that operates three (3) offices in Clearwater, Spring Hill and Tampa, Florida serving Pinellas, Pasco, Hernando, Citrus and Hillsborough counties in the State of Florida.

11. Defendant provides patients with skilled nursing, physical therapy, medical social work and specialized home health care.

12. On or about November 1, 2009, Charging Party answered Defendant's advertisement on www.CraigsList.org for an Administrative Assistant/Billing Specialist position at Defendant's corporate office located at 3023 Eastland Blvd, #103, Clearwater, Florida.

13. Charging Party has a degree in Health Information Technology and graduated with a 4.0 GPA. She also has certificates in medical billing and medical technology.

14. On or about November 2, 2009, Defendant scheduled Charging Party for an interview to take place at its corporate offices the next day, on or about November 3, 2009.

15. On or about November 3, 2009, Charging Party was interviewed by Defendant.

16. Following the interview, Defendant's Assistant Administrator, Steven Daggett, offered Charging Party the Administrative Assistant/Billing Specialist position and she accepted. Defendant and Charging Party agreed that Charging Party would begin work the next day.

17. On or about November 4, 2009, Charging Party reported to Defendant's Clearwater office for orientation and new employee processing.

18. On or about November 4, 2009, Charging Party completed numerous employment documents, including an Affidavit of Good Moral Character, several consent forms, DOJ Employment Eligibility Verification, a Medical Questionnaire and an IRS form W-4.

19. Charging Party was escorted by Mr. Daggett to her new work station to begin training on the Respondent's billing process.

20. In the course of beginning the training, Mr. Daggett advised Charging Party about the Defendant's 90 day probation period for new employees.

21. In response, Charging Party inquired about the company's leave policy and procedure and told Mr. Daggett that she was "expecting a new born."

22. Mr. Daggett did not respond to Charging Party and excused himself for approximately one hour.

23. About an hour later, Mr. Daggett returned with Defendant's Nursing Director, Cecilia (LNU) and advised Charging Party that he had "good new and bad news."

   a. Mr. Daggett told Charging Party that the "good news" was that a former employee who had been laid off, Tanya Carden, contacted the company that morning about returning to work; and

   b. Mr. Daggett explained that, since Ms. Carden would not require any training, Defendant was going to hire her back and that his boss, David Decamella, had already offered Carden the job; and

   c. Daggett then told Charging Party that the "bad news" was that the company was rescinding its offer for employment to her.

24. Ms. Carden was not pregnant.

25. Defendant did not hire Ms. Carden.

26. Notwithstanding, Defendant did not contact Charging Party about the vacant Administrative Assistant/Billing Specialist position after on or about November 4, 2009, despite the fact that Charging Party remained available.

27. Rather, Defendant continued to seek applicants and to advertise for the vacant Administrative Assistant/Billing Specialist position.

28. On or about August, 2010, Defendant hired Kimberly Haughton to fill the position.

29. Kimberly Haughton was not pregnant.

30. As a result of Defendant's conduct, Charging Party suffered damages.

## STATEMENT OF CLAIMS

31. As set forth in paragraphs 10 through 30, Defendant engaged in unlawful employment practices including the failure to hire Charging Party because of her pregnancy, a condition of her sex (female).

32. As set forth in paragraphs 10 through 30, Defendant's conduct constitutes unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2 and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k).

33. The unlawful employment practices complained of above in paragraphs 10 through 30 were done intentionally and with malice and/or with reckless indifference to the federally protected rights of Charging Party.

34. As a direct and proximate result of Defendant's acts as stated above in paragraphs 10 through 30, Charging Party has suffered emotional pain, mental anguish, suffering, humiliation, inconvenience, loss of enjoyment of life, and damages.

35. The unlawful employment practices complained of above in paragraphs 10 through 30 were intentional and caused pecuniary loss to Charging Party including, but not limited to, out-of-pocket expenses, lost earnings, compensation, and benefits.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex, female (pregnancy);

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit discrimination based on sex (pregnancy) and any other employment practice which discriminates on the basis of sex and which eradicates the effects of its past and present unlawful employment practices;

C. Order Defendant to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas and ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination of which they become aware to the department/persons charged with handling such complaints;

D. Order Defendant to make whole Charging Party by providing all affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, instatement of Charging Party into the position for which she was not hired or a substantially similar position or front pay, if not feasible;

E. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary loss, including appropriate back pay and benefits with prejudgment interest and all out-of-pocket expenses, in amounts to be determined at trial;

F. Order Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

G. Order Defendant to pay Charging Party punitive damages for the intentional, malicious, and reckless indifferent conduct described above, in amounts to be determined at trial;

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 29, 2011

        Respectfully Submitted

        P. DAVID LOPEZ
        General Counsel

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        131 M Street, N.E.
        Washington, D.C. 20507

        /s/ Robert E. Weisberg
        ROBERT E. WEISBERG
        Regional Attorney
        Florida Bar # 285676

/s/ Kimberly A. McCoy-Cruz
KIMBERLY A. McCOY-CRUZ
Supervisory Trial Attorney
Florida Bar # 153729


GREGORY L. McCLINTON
Senior Trial Attorney, TRIAL COUNSEL

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
501 East Polk Street, Suite 1000
Tampa, FL 33602
Telephone: 813-202-7947
Facsimile: 813-228-2045
Email: gregory.mcclinton@eeoc.gov